IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-70,203-01 AND WR-70,203-02






EX PARTE JESSE LEE MARTINEZ, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. CR-96-0084-A AND CR-96-0085-A IN THE 22ND JUDICIAL
DISTRICT COURT 

FROM HAYS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges
of aggravated robbery, and was sentenced to forty-five years' imprisonment in each case. He did not
appeal his convictions.

 Applicant contends that his plea was not knowingly and voluntarily entered, because his trial
counsel was unprepared for trial, and Applicant felt that he was left with no choice but to plead
guilty. Applicant also alleges that his trial counsel rendered ineffective assistance because he met
with Applicant only once prior to trial, and that Applicant was still under the influence of Rohypnol
and alcohol, and was being held in a detox tank at the time of this meeting. Applicant alleges that
counsel failed to investigate his competency to enter a plea, and failed to investigate or present
evidence of temporary insanity caused by intoxication in mitigation of punishment. Applicant also
alleges that counsel failed to present evidence of Applicant's good character at punishment. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's trial counsel investigated
and consulted with Applicant about potential defenses or mitigating evidence. The trial court shall
make findings as to whether the sentencing court had the benefit of a pre-sentencing investigation
report, or whether there was a sentencing hearing. If there was a sentencing hearing, the trial court
shall make findings as to what evidence, if any, was presented at such hearing. The trial court shall
make findings as to whether the performance of Applicant's trial attorney was deficient and, if so,
whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 20, 2008

Do not publish